Grace **SCHAEFER,** et al., Plaintiffs,

v.

Philip G. **TANNIAN,** et al., Defendants.

**Civ. A. No. 73–39943.**

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 7, 1995.

---

James M. Moore, Gregory, Moore, Jeakle, Heinen, Ellison & Brooks, Detroit, MI, Nancy J. Van Lopik, Grosse Point Park, MI, for defendants.

Lucia H. Simpson, Detroit, MI, John R. Runyan, Sachs, Waldman, O'Hare, Helveston, Hodges & Barnes, P.C., Detroit, MI, for plaintiffs.

## ORDER ACCEPTING AND ADOPTING SPECIAL MASTER MORGAN'S REPORT AND RECOMMENDATION

GADOLA, District Judge.

The court, pursuant to 28 U.S.C. § 636(b)(2), and Fed.R.Civ.P. 53, has reviewed the special master's April 17, 1995 report and recommendation. No objections were filed. The district court's standard of review of the special master's findings and recommendations is the same as the standard of review used by the Court of Appeals to review a decision of the district court. *Williams v. Lane,* 851 F.2d 867, 884 (7th Cir.1988), *cert. denied,* 488 U.S. 1047, 109 S.Ct. 879, 102 L.Ed.2d 1001 (1989). The district court will accept the special master's findings of fact unless they are clearly erroneous. Fed.R.Civ.P. 53(e)(2); *Williams v. Lane,* 851 F.2d at 884. However, the special master's legal conclusions are not entitled to deference by the district court. *Williams v.*

*Lane,* 851 F.2d at 884. Therefore, the court will review the legal findings of the special master with careful scrutiny. The court finds that special master Morgan has made a thorough and accurate analysis of both the law and the facts in this action.

## I. Background

This class action, brought in 1973, was filed pursuant to Title VII and 42 U.S.C. § 1983 by women police officers who allege that the City of Detroit Police Department discriminated against them in hiring, promotion and compensation. The plaintiff class has been defined as a group of approximately 800 women who had been employed by or applied for employment with the Detroit Police Department between April 10, 1970 and April 10, 1973. The class was divided into the following subclasses: (1) individuals who were not hired due to gender; (2) individuals who were denied the opportunity for promotion based on gender; and (3) individuals who were denied appropriate compensation for duties performed based on the pay that male officers received for performing essentially similar duties.

Throughout the last twenty-two years, the court has found that the City defendant had violated Title VII of the Civil Rights Act of 1964 and the equal protection clause of the fourteenth amendment by discriminating against women in certain of its employment practices. Throughout the litigation, the court ordered remedial relief through the issuance of various injunctive orders. On May 13, 1974, the district court enjoined many of the discriminatory hiring and assignment practices and ordered the department to hire one qualified woman applicant for each male hired until the list of eligible female applicants prior to the date of the injunction was exhausted. On June 7, 1974, the court required the department to promote 19 females to the rank of sergeant and thereafter to promote without regard to sex. In 1975, the City experienced budgetary problems which would require layoffs. Therefore, in 1976, the court awarded retroactive seniority for purposes of layoff and

recall to all identifiable female victims of defendant's illegal hiring discrimination.

On May 7, 1991, this court granted plaintiff's motion to award retroactive service credit for purposes of pension and retirement. On June 1, 1992, the court concluded that individual class members were entitled to back pay. The special master was appointed to determine the amount of back pay due individual plaintiffs. Following the special master's determination, either or both parties could file objections to the special master's report and recommendation and the district judge would then determine the amount due. Fed.R.Civ.P. 53. The parties discussed with the special master different options for determining back pay. In order to make individual determinations, the court sent each plaintiff a Social Security income release form and an accompanying notice. The notice advised each plaintiff to fill out the form and return it to the court. Further, the notice advised that failure to return the form would preclude the plaintiff from pursuing a claim for back pay in this action. Only 94 of the plaintiffs did not return the form.

After consultation with the class representatives, plaintiffs' counsel made an offer of settlement, requesting $10.8 million on behalf of the class as a whole. The amount demanded was the result of meetings between the plaintiffs' counsel and the representatives of the subclass. The hiring subclass demanded $5,800,000. The compensation and promotion subclasses, who were combined for the purpose of determining back pay, demanded $5,000,000. The City accepted the settlement as to the whole class.

Special master Morgan held a hearing to determine the fairness of the settlement. A notice containing the hearing date and terms of the settlement was mailed to all class members. The form of the notice was agreed to by counsel and approved by the court. At the hearing, counsel for the plaintiff class, counsel for the City, class representatives and the court summarized the history of the case, reviewed and responded to the written comments received prior to the hearing, and considered comments from members of the class and the public who attended the hearing. After the hearing, special master Morgan issued a report and recommendation that the court accept and approve the class action settlement and that the parties present an appropriate consent judgment incorporating the terms of the settlement for signature by this court.[1]

## II. Analysis

■■■ A class action may not be compromised without the approval of the court. Fed.R.Civ.P. 23(e). The district court must determine, after hearings, that the settlement is fair, adequate, reasonable, and consistent with the public interest. *Bailey v. Great Lakes Canning, Inc.*, 908 F.2d 38, 42 (6th Cir.1990). In evaluating a proposed settlement of a class action, the district court must examine the terms of the settlement and the process by which the settlement terms were determined. *Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir.1989). The court must determine that the terms are reasonable and that the settlement is not the product of fraud, overreaching or collusion. *Id.* The court need not disapprove the settlement because a plaintiff might have received more if the case had been fully litigated. *Id.*

■■■ The special master correctly analyzed the potential damage awards which plaintiffs could recover under Title VII and 42 U.S.C. § 1983 action. Title VII was in-

---

1. These are the basic facts as found by the special master. Neither party presented the court with objections. The court finds that there is no erroneous finding of fact by the special master. Therefore, the court adopts special master Morgan's version of the facts.

The court does note that plaintiffs' counsel sent a letter to special master Morgan. The letter stated that the issues addressed in the letter did not rise to the level of formal objections. Special master Morgan correctly returned the letter and informed plaintiffs' counsel that his letter was not filed. Special master Morgan also informed plaintiffs' counsel that an objection must be filed according to the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Michigan. These rules do not provide for objections by letter, and the court will only consider matters brought pursuant to the provisions of these rules. Plaintiffs' counsel never filed an objection with the court and therefore the court finds that no objections were filed to special master Morgan's report and recommendation.

tended to make victims of unlawful employment discrimination whole. *Franks v. Bowman Transportation Co.,* 424 U.S. 747, 764, 96 S.Ct. 1251, 1264, 47 L.Ed.2d 444 (1976). Under the act, victims of discrimination can be awarded back pay and receive injunctive relief to place them in the proper wage and employment positions they would have occupied absent discrimination. Section 1983 allows for an award of consequential damages which the trier of fact may reasonably find based on the evidence. *Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986).

■ The court finds that the most important aspect of this settlement, which the special master also found extremely persuasive, is the fact that both parties agree that the settlement is reasonable. The settlement was made and accepted after both sides had a realistic understanding of the potential amount of damages. The class members were identified and each member of the class has the necessary information to evaluate the settlement and their individual awards. According to the special master, class representatives worked extremely carefully to ensure that each individual award was correctly calculated and each person was included. The class members were informed about the settlement. Only a few individuals questioned the specific calculations of their back pay. However, no serious objections were made by any class member. Further, no objections were filed to the special master's report and recommendation. These facts suggest that plaintiffs understood the amount that they could potentially win if they pursued further litigation.

As the special master correctly explained, in the absence of a settlement, the parties would face significant litigation costs in proving damages. A number of hours have already been put forth in attempting to calculate the individual damage awards. The special master thoroughly described the risks which the parties would face if they proceeded with litigation. Under the circumstances, the court finds that the parties made a well-reasoned decision to settle this case with full knowledge of the potential risks and rewards of pursuing further litigation.

■ The court concurs with the finding of the special master that an important aspect of this settlement is that the discrimination against the class has already been remedied by orders for injunctive relief. These orders have been implemented by the City. Therefore, the public interest is not abandoned as a result of this settlement.

■ The special master found that the individual notice provided to all the class members was sufficient to provide adequate notice pursuant to Fed.R.Civ.P.R. 23(e). Fed.R.Civ.P.R. 23(e) states that "a class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." Further, newspaper coverage of the settlement alerted citizens as to the terms of the settlement, the time and the date of the scheduled hearing. The special master received approximately 30 written comments on the settlement before the hearing and approximately 80 people attended the hearing. About 15 people made public comments. The court agrees with the special master that the notice in this case was sufficient to provide adequate notice pursuant to Fed.R.Civ.P. 23(e) and to provide the court with sufficient information from the class members that their legal rights were not compromised without their consent.

■ The court notes that at the time that plaintiffs' counsel proposed its settlement offer, 94 plaintiffs had failed to respond to the social security earnings request form. Therefore, plaintiffs' attorney thought that these individuals would not receive any money from the settlement amount. Some of these plaintiffs are now eligible to receive money from the settlement fund. As described in detail in the special master's report and recommendation, the decreased amount each plaintiff would receive as a result of the additional individuals included in the settlement is not sufficient for the court to disapprove the entire settlement. As the special master perceptively observed, the nature of a class action settlement is not a sum of individually negotiated awards. The court might have disapproved the settlement if the

parties filed strenuous objections to the special master's report and recommendation. However, because no objections were filed, the court does not find that the parties are sufficiently upset with the change in the settlement to reject its terms.

The court also notes that the were several objections to the settlement during the fairness hearing. However, no objections were filed to the special master's report and recommendation. The court finds that the special master clearly and effectively addressed each objection brought before her at the fairness hearing. Therefore, the court will adopt the special master's findings regarding these objections to the settlement.

### *ORDER*

Therefore, it is hereby **ORDERED** that the special master's report and recommendation is **ACCEPTED AND ADOPTED.**

Further, it is hereby **ORDERED** that the parties are to submit an appropriate consent judgment incorporating the terms of the settlement for signature by the judge, within thirty (30) days of this order.

**SO ORDERED.**